**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

Tracy Hamilton,
Plaintiff,

v.

Delaware North Milwaukee
Sportservice, Inc.,
Defendant

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAR 17 P 3: 21

CLERK OF COURT

26-C 428

**STATEMENT OF CLAIM**
**FACTUAL ALLEGATIONS**

1. Plaintiff began employment with Defendant on March 28, 2017, as a Concession Stand Attendant.
2. Plaintiff has a chronic, lifetime disability, including spinal fusion, which substantially limits major life activities including standing, lifting, and working.
3. Plaintiff's treating physician certified that Plaintiff does not require a continuous leave of absence and can work with reasonable accommodations.
4. Defendant was aware of Plaintiff's disability and restrictions.
5. During the course of Plaintiff's employment, Plaintiff regularly provided efendant with updated medical restrictions from her treating physician, including prior to each season of employment. Defendant was therefore aware of Plaintiff's disability and ongoing need for reasonable accommodations.
6. At the start of the 2025 season, Plaintiff worked the first three home games of a six-game homestand after presenting updated medical restrictions.
7. Plaintiff was then removed from work and placed on an involuntary leave of absence by Human Resources.
8. Plaintiff was able and willing to continue performing her job duties with reasonable accommodations consistent with her medical restrictions, but Defendant refused to allow Plaintiff to continue working.
9. On July 25, 2025, Defendant requested Plaintiff report to work to operate the freight elevator at American Family Field. Plaintiff was assigned to this duty because Defendant was aware of Plaintiff's medical restrictions, and the freight elevator position involved limited standing, no heavy lifting, and duties consistent with those restrictions. Plaintiff successfully performed this work without issue, demonstrating that Defendant was able to

provide reasonable accommodations. This assignment confirmed that Plaintiff could perform essential job functions with reasonable accommodation.

10. Defendant later offered similar accommodated freight elevator work during the 2025 postseason.

11. In January 2026, Defendant posted a Warehouse Desk Clerk position for the 2026 season.

12. On January 15, 2026, Plaintiff requested reassignment to the Warehouse Desk Clerk position as a reasonable accommodation.

13. Defendant failed to meaningfully engage in the interactive process regarding Plaintiff's request for reassignment as a reasonable accommodation.

14. Defendant's actions constitute disability discrimination and failure to provide reasonable accommodation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay, any bonuses, and lost wages resulting from Defendant's unlawful conduct;

B. Award compensatory damages for emotional distress, financial hardship, and other damages permitted by law;

C. Award any additional damages available under the Americans with Disabilities Act;

D. Order Defendant to cease discriminatory practices and comply with the requirements of federal law;

E. Award Plaintiff the costs of this action and any other relief the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Tracy Hamilton*

Tracy Hamilton

Plaintiff, Pro Se

Date: March 9, 2026