TRACY HAMILTON,

        Plaintiff,

v.

MILWAUKEE SPORTSERVICE, INC.

        Defendant.

Case No. 26-cv-428-WCG

## JOINT RULE 26(f) REPORT

Plaintiff Tracy Hamilton ("Plaintiff"), together with Defendant Milwaukee Sportservice, Inc. ("Defendant") (jointly, the "Parties"), respectfully submit the following Joint Rule 26(f) Report and proposed case schedule pursuant to Fed. R. Civ. P. 26(f), L.R. 16, and this Court's June 23, 2026 Notice of Rule 16(b) Telephone Scheduling Conference in advance of the telephonic Scheduling Conference set for June 23, 2026 at 9:00 a.m. CT. (DKT. 13.)

### 1. Nature of the Case.

Plaintiff, who is proceeding *pro se*, filed her Complaint on March 17, 2026. She alleges Defendant, her employer, discriminated against her based on her disability and failed to provide her with a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.*

#### a. Plaintiff's Statement of the Case:

Plaintiff has been employed by Defendant since March 2017. Throughout Plaintiff's employment, Defendant was aware of Plaintiff's disability and medical restrictions and had previously accommodated those restrictions.

Plaintiff alleges that Defendant discriminated against her on the basis of disability, failed to provide reasonable accommodations, failed to engage in the interactive process in good faith,

and improperly placed Plaintiff on an involuntary leave of absence despite medical documentation identifying work restrictions and accommodations and indicating that Plaintiff did not require a continuous leave of absence. Defendant permitted Plaintiff to work during the 2024 and 2025 seasons with medical restrictions and accommodations in place before later placing Plaintiff on an involuntary leave of absence despite medical documentation indicating that Plaintiff could continue working with accommodations.

After being placed on leave, Plaintiff independently located and applied for the Warehouse Desk Clerk position on January 14, 2026. Plaintiff interviewed for the position on February 11, 2026, received an offer of employment, completed the required hiring process, attended tech training and other onboarding activities, and worked limited assignments in the position during the 2026 season.

Plaintiff alleges that despite being hired for the Warehouse Desk Clerk position, successfully completing the hiring process, attending required training, and remaining available for work, Defendant failed to provide regular scheduling, meaningful training opportunities, or consistent work assignments. Plaintiff further alleges that she was provided significantly fewer work opportunities than similarly situated employees performing the same position and remained largely unscheduled during the 2026 season despite repeated requests for work and communication with management and Human Resources. Plaintiff further alleges that Defendant's actions resulted in lost wages, lost work opportunities, financial hardship, and emotional distress. Plaintiff seeks back pay, compensatory damages, and all other relief available under applicable law.

b. **Defendant's Statement of the Case**:

Defendant maintains and enforces robust anti-discrimination policies and treated Plaintiff consistent with those policies. Defendant denies it discriminated against Plaintiff on the basis of

her alleged disability. Instead, the evidence will show that Defendant engaged in the ADA's required interactive process, reviewed her medical restrictions in detail, and communicated repeatedly with her and her union about possible accommodations and available roles. However, Defendant determined it could not accommodate her restrictions within the essential functions of her role or any available positions because those restrictions (e.g., limited lifting and need to sit) conflicted with core job duties requiring standing and lifting.

Defendant nevertheless made reasonable efforts, including offering a temporary alternative assignment when feasible and available and placing Plaintiff on a leave of absence so she could be recalled if a suitable position became available. With respect to the Warehouse Desk Clerk position described in her Complaint, Plaintiff did apply for, and was selected, for this position. However, this position is only a *per diem* (as needed) position, not a full-time position.

Furthermore, contrary to Plaintiff's suggestion, the ADA does not require employers, such as Defendant, to eliminate essential job functions or create a new position as an accommodation for a disabled employee.

2. **Jurisdiction and Venue**. The parties agree that this Court has subject matter jurisdiction to adjudicate Plaintiff's claims under to 28 U.S.C. § 1331, because Plaintiff brings a claim under the AD., which raises a federal question and this Court is the appropriate venue because a substantial part of the alleged events given rise to Plaintiff's claims occurred in this judicial district.

3. **Case Status and Proposed Scheduling Order**. In response to Plaintiff's Complaint, Defendant filed its Answer and Affirmative Defenses to the Complaint on May 21, 2026. (DKT. 11.) There are no pending motions at this time.

The Parties request entry of the following proposed scheduling order:

| ACTION | DATE / DEADLINE |
|---|---|
| Exchange of Rule 26(a)(1) disclosures | July 10, 2026 |
| Amendments to Pleadings / Join Parties | July 31, 2026 |
| Completion of Fact Discovery | March 2, 2027 |
| Primary Expert Witness Disclosures | April 5, 2027 |
| Rebuttal Expert Witness Disclosures | May 5, 2027 |
| Completion of Expert Discovery | June 8, 2027 |
| File and Hear Motions | June 15, 2027 |
| Summary Judgment filing (opening briefs) | July 9, 2027 |

4. **Settlement Discussion.** Settlement discussion have not occurred.

5. **Changes to Limitations on Discovery Imposed by Federal Rules**. The parties do not propose any changes to the limitations set by the Federal Rules.

6. **Subjects on which Discovery May Be Needed and Will Discovery be in Phases/Limited**.

    a. **Plaintiff**:

        i. Plaintiff's employment history with Defendant from 2017 through present

        ii. Plaintiff's disability, medical restrictions, accommodation requests, and Defendant's knowledge of those restrictions

        iii. Communications between Plaintiff, Human Resources, management, and Defendant's leave and accommodations, leave work restrictions, and scheduling.

        iv. Defendant's decision to place Plaintiff on an involuntary leave of absence and the reasons for that decision.

        v. Defendant's accommodation efforts, including available positions Plaintiff could perform with restrictions.

4

vi. Plaintiff's application, hiring, training, scheduling, and work opportunities for the Warehouse Desk Clerk position.

vii. Communications and knowledge of Defendant's managers, supervisors, Human Resources personnel, and accommodation representatives concerning Plaintiff's disability, work restrictions, accommodation history, scheduling, and ability to perform available positions, including knowledge acquired through Plaintiff's prior employment in concessions and the Warehouse Desk Clerk position.

viii. Defendant's policies, procedures, and practices concerning disability accommodations, leave administration, and the interactive process.

ix. Plaintiff's damages, including lost wages, lost employment opportunities, lost bonuses, emotional distress, and compensatory damages.

b. **Defendant**:
 i. Plaintiff's alleged disability and restrictions.
 ii. Plaintiff's ability to perform essential job functions
 iii. Communications regarding the interactive process
 iv. Plaintiff's requested accommodations
 v. Plaintiff's efforts to mitigate her damages, if any
 vi. Plaintiff's damages, if any

Discovery is not expected to be conducted in phrases and no limitations beyond those contained in the Federal Rules are presently proposed.

**7.** **Electronically Stored Information ("ESI").** The parties anticipate that this case might involve the collection, review, and production of ESI during the course of discovery. If necessary, the parties will work together to produce information in accordance with generally accepted ESI principles and procedures, and subject to a to-be-determined written protocol, if necessary.

**8.** **Protective Order/Confidentiality**. The parties anticipate seeking entry of an agreed upon Protective Order and that any disclosures during discovery will be made pursuant to designations set forth therein.

5

**9.     Orders**. The Parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c).

**Dated**:  June 16, 2026

Respectfully submitted,

Tracy Hamilton

By: */s/ Tracy Hamilton (w/ permission)*
   Tracy Hamilton

   Tracy Hamilton
   4265 W. Cherrywood Lane
   Brown Deer, WI 53209
   Hamiltontracy807@myyahoo.com

   *Pro Se Plaintiff*

Milwaukee Sportservice, Inc.

By: */s/ Misty R. Martin*
   Misty R. Martin

   Uma Chandrasekaran *(\*petition for admission forthcoming)*
   IL Bar No. 6281690
   uchandrasekaran@seyfarth.com
   SEYFARTH SHAW LLP
   233 S. Wacker Drive, Suite 8000
   Chicago, IL 60606-6448
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000

   Misty R. Martin
   GA Bar No. 576363
   MA Bar No. 658599
   IL Bar No. 6284999
   mrmartin@seyfarth.com
   SEYFARTH SHAW LLP
   1075 Peachtree Street, N.E., Suite 2500
   Atlanta, Georgia  30309-3958
   Telephone:  (404) 885-1500
   Facsimile:  (404) 892-7056

   *Attorneys for Defendant*
   *Milwaukee Sportservice, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TRACY HAMILTON,

        Plaintiff,

    v.

MILWAUKEE SPORTSERVICE, INC.

        Defendant.

Case No. 26-cv-428-WCG

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, I electronically filed the JOINT RULE 26(f) REPORT with the Clerk of Court using the CM/ECF system and sent a copy via email and regular mail to Plaintiff, who is proceeding *pro se*, at the following address:

Tracy Hamilton
4265 W. Cherrywood Ln
Brown Deer, WI 53209
Hamiltontracy807@myyahoo.com
*Pro Se Plaintiff*

        */s/ Misty R. Martin*
        Misty R. Martin
        GA Bar No. 576363
        MA Bar No. 658599
        IL Bar No. 6284999
        *Counsel for Defendant*
        *Milwaukee Sportservice, Inc.*